IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


VERA ZHYLKA,                                        No.  03:11-CV-507-HZ

                    Plaintiff,                      OPINION & ORDER

        v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

                    Defendant.


Alan Stuart Graf
Alan Stuart Graf P.C.
316 Second Rd
Summertown, TN 38483

        Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /
/ / /


1 - OPINION & ORDER

Leisa A. Wolf
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Vera Zhylka brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I affirm the Commissioner's decision.

## BACKGROUND

      Plaintiff Zhylka was born in 1973 in the Ukraine and was 36 years old at the time of the hearing. Tr. 110. She has a high school education (Tr. 136) and reports past work in art manufacturing, food service, and newspaper delivery. Tr. 147. Zhylka initially alleged disability since September 1, 2004, due to rheumatoid arthritis, back pain, and carpal tunnel. Tr. 131.

      The Commissioner denied Zhylka's applications initially and upon reconsideration (Tr. 62, 67, 76, 78), and an Administrative Law Judge ("ALJ") held a hearing on October 27, 2009. Tr. 27. The ALJ found Zhylka not disabled on October 30, 2009. Tr. 12-26. The Appeals Council declined review of the matter on March 2, 2011, making the ALJ's decision the final decision of the Commissioner. Tr. 1-5.

## SEQUENTIAL DISABILITY ANALYSIS

      A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be

expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure.  See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability).  The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity."  If so, the claimant is not disabled.  Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b).  In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments."  Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c).  If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity."  Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d).  If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four.  Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five, the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his

burden and proves that the claimant is able to perform other work which exists in the national

economy, the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Plaintiff's lumbar spine degenerative disc disease and neuropathy in the

right lower extremity "severe" at step two in the sequential proceedings.  Tr. 14.  At step three,

the ALJ found that the impairments, singly or in combination, did not meet or equal the

requirements of any listed impairment.  Tr. 17.  The ALJ assessed Plaintiff's RFC and concluded

that she could perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but

with the additional restrictions of:  occasional pushing or pulling with her right lower extremity;

frequent balancing, kneeling, and crawling; and occasional climbing, stooping, and crouching.

Tr. 18.  The ALJ found that this RFC allowed Plaintiff to perform her past relevant work as a

product assembler and food sales clerk.  Tr. 25.  The ALJ therefore found Plaintiff not disabled

under the Commissioner's regulations.  Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record.  42 U.S.C. § 405(g); Batson v. Comm'r for Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but less than a

preponderance."  Bray v. Comm'r of the Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion."  Id.

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d

715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the Commissioner.  Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); *see also* Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  Id.; *see* also Batson, 359 F.3d at 1193.  However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings.  Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff asserts that the ALJ erroneously assessed her credibility, the severity of her somatoform disorder and fibromyalgia at step two, and her RFC.  Pl.'s Br. 2.

**I.       Credibility**

Plaintiff asserts that the ALJ gave insufficient reasons for finding her not fully credible. Pl.'s Br. 19.

### A.      Credibility Standards

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence, and other evidence."  20 C.F.R. § 404.1529(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible.  Lingenfelter, 504 F.3d at 1036 (citing Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996)).

The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony."  Orteza v.

Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th

Cir. 1991)(en banc)).  The ALJ may consider objective medical evidence and the claimant's

treatment history, as well as the claimant's daily activities, work record, and observations of

physicians and third parties with personal knowledge of the claimant's functional limitations.

Smolen, 80 F.3d at 1284.  The ALJ may additionally employ ordinary techniques of credibility

evaluation, such as weighing inconsistent statements regarding symptoms by the claimant.  Id.

The ALJ may not, however, make a negative credibility finding "solely because" the claimant's

symptom testimony "is not substantiated affirmatively by objective medical evidence."  Robbins,

466 F.3d at 883; see also Bunnell, 947 F.2d at 346-47.

  **B.**  **Analysis**

    **1.**  **Activities of Daily Living**

   The ALJ may cite a claimant's activities of daily living in his credibility analysis,

Smolen, 80 F.3d at 1284, and may cite such activities in finding them inconsistent with a

claimant's allegation of total disability.  Batson, 359 F.3d at 1196.  The ALJ gave several

examples of inconsistencies in Plaintiff's activities of daily living.

   First, the ALJ found that Plaintiff's range of daily activity to be greater than her

testimony at the hearing.  Tr. 19.  According to the ALJ, her function report states that she cares

for her 11-year old son, prepares meals, cleans, does laundry, manages her money, shops, reads,

walks short distances, and regularly attends church.  Id.  Plaintiff disagrees that there are any

discrepancies between her hearing testimony and her function report.  Pl.'s Br. 20-21.  At the

hearing, Plaintiff testified that she is often fatigued and is unable to get up because of pain; has

constant pain in her neck, lower back, legs, and arms; needs assistance with shopping, and

cannot perform household chores.  Tr. 36-38.  After comparing the function report and the

hearing testimony, I agree with Plaintiff that there are no significant differences in her function report and her testimony. Plaintiff's function report indicates that she can complete certain activities, but needs assistance and frequent breaks to complete the tasks. Tr. 139-46. The ALJ's summary of Plaintiff's activities omitted these limitations. Tr. 19. This specific finding is not supported by substantial evidence.

Second, the ALJ noted that despite claiming severe pain while standing and walking, Plaintiff does not use an assistive device (Id.) and has lived in a third-floor apartment with no elevator access since 2002 (Tr. 33). Plaintiff does not deny that access to her apartment requires walking down nine steps from the parking lot and climbing up 28 steps to her apartment. Instead, Plaintiff responds that she was not complaining of instability or weakness in her legs, so an assistive device would not be helpful. Pl.'s Br. 21. I must defer to an ALJ's interpretation of a claimant's daily activities, even where other interpretations more favorable to the claimant may arise. Rollins v. Massinari, 261 F.3d 853, 857 (9th Cir. 2001). This finding is therefore affirmed.

Third, relying on a Cooperative Disability Investigative ("CDI") report, the ALJ noted that witnesses observed Plaintiff moving normally and continuing to drive. Id. Plaintiff argues that the report is unsubstantiated hearsay and cannot be considered substantial evidence. Pl.'s Br. 22. The ALJ properly considered the CDI report. "Evidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure." 42 U.S.C. § 405(b)(1); see Manor v. Astrue, Case No. C10-5944-JLR, 2011 U.S. Dist. LEXIS 90117, at *13-14 (W.D. Wash. July 28, 2011) (citing to several cases in which a CDI report was sufficient to support an ALJ's decision). Plaintiff has

failed to cite any cases in which a court held that a CDI report was inadmissible hearsay.  The ALJ's finding that relied on the CDI report is affirmed.

### 2.    Medical Record

The ALJ also found that the medical evidence did not support Plaintiff's allegations of pain that prevent her from working completely.  Tr. 19.  The ALJ found that the objective medical evidence did not reveal any physical conditions that would support her allegations of pain.  Id.  The ALJ concluded that her alleged pain symptoms were due to a somatoform disorder, rather than being caused by a physical impairment.  Tr. 20.  Plaintiff argues that the ALJ erred by finding a lack of medical evidence because a somatoform disorder is characterized by physical symptoms that have no known physiological basis.  Pl.'s Br. 23.

Plaintiff does not accurately recite the ALJ's findings with respect to the medical records.  The ALJ noted that Plaintiff was assessed by several specialists, including Dr. Bobby Han who stated that in December 2006, Plaintiff's back pain had become "better gradually" and that the pain in Plaintiff's hands "went away on its own".  Tr. 20.  Also in December 2006, Dr. Paul Stoltzfus, an examining psychologist, found that Plaintiff becomes ill when "faced with difficulty, stress, or lack of perceived support".  Id.  In March 2007, Dr. Bruce Johnson stated that Plaintiff seems to have a "global problem with pain tolerance".  Id.  The ALJ concluded that although Plaintiff's physical and psychological impairments may be limiting, they were not severe.  Id.  This basis for the ALJ's credibility determination is affirmed.

### C.    Credibility Conclusion

In summary, the ALJ's citation to Plaintiff's testimony regarding her living situation, the CDI report, and medical records are based upon the record and appropriate legal standards.  This

court may affirm an ALJ's overall credibility conclusion when not all of the ALJ's reasons are upheld. Batson, 359 F.3d at 1197. The ALJ's credibility conclusion is therefore affirmed.

## II.    Step Two:  Severe Impairments

Plaintiff alleges that the ALJ erred by finding that her somatic disorder and fibromyalgia were not severe impairments at step two.

### A.    Severity Standards

Disability is not awarded on the basis of a diagnosis alone. The ALJ considers the severity of the claimant's impairment(s) at step two. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe medically determinable physical or mental impairment that meets the duration requirement, or a combination of impairments that is severe and meets the duration requirement, the claimant is not disabled. Id.

A severe impairment is one that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" are the abilities and aptitudes necessary to do most jobs, including physical functions such as walking, standing, sitting, and lifting. 20 C.F.R. §§ 404.1521(b), 416.921(b). In Social Security Ruling (SSR) 96-3p (available at 1996 WL 374181, at *1; 1996 SSR LEXIS 10, at *2), the Commissioner has explained that "an impairment(s) that is 'not severe' must be a slight abnormality (or a combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities."

To go beyond step two, plaintiff has the burden of establishing that his disease creates more than a minimal effect on the ability to do basic work activities. See Carmickle v. Commissioner, 533 F.3d 1155, 1164-65 (9th Cir. 2008) (when the medical record did not

establish any work-related limitations as a result of the claimant's carpal tunnel syndrome impairment, the ALJ did not err in concluding that it was not a "severe" impairment at step two).

The ALJ found that Plaintiff's somatic disorder and fibromyalgia were not severe. Tr. 16. Severity of a mental impairment is measured by "assess[ing] functional limitations using the four criteria in paragraph B of the listings: [a]ctivities of daily living, social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C). The ALJ evaluated Plaintiff's functional limitations, finding that Plaintiff had mild limitations in the first three areas and no episodes of decompensation. Tr. 16-17. Because of these findings, the ALJ concluded that Plaintiff's psychosomatic pain or somatization disorder were not severe. Id.

Plaintiff does not argue that the ALJ erred in his evaluation of the four criteria, as set out by the regulations. Instead, Plaintiff argues that the ALJ erred because doctors have diagnosed her as having somatic pain complaints and fibromyalgia. Pl.'s Br. 15. This argument fails. The mere diagnosis of a condition "says nothing about the severity of the condition." Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). Plaintiff further argues that her treating physician, Dr. Quijano, had opined that she could not work.[1] Pl.'s Br. 18. This argument also fails. The opinion of a physician that a claimant is disabled is not binding on the ALJ's ultimate determination of disability. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). Rather, the disability determination is a legal conclusion reserved to the Commissioner. The ALJ did not err in rejecting Dr. Quijano's opinion regarding Plaintiff's inability to work.

/ / /

---

[1] Dr. Quijano had issued notes in March, April, August, and November 2006, stating that Plaintiff could not work due to her pain symptoms. Tr. 385, 394, 411, 413, 417, and 424. Dr. Quijano's opinion that Plaintiff could not work was based on his inability to determine the cause of Plaintiff's pain and the need to perform further evaluation.

**B.** **Conclusion**

The ALJ's findings at step two were supported by substantial evidence. Plaintiff has not shown that the ALJ erred in finding that her somatoform disorder and fibromyalgia were not severe impairments. The ALJ's findings at step two are affirmed.

## III.    Error in RFC

Plaintiff alleges error in her RFC because the ALJ did not account for (1) limitations from her somatoform disorder or fibromyalgia and (2) her limited ability to communicate in English. Pl.'s Br. 24-25. As explained in the previous section, I have already affirmed the ALJ's credibility determination and step two analysis concerning Plaintiff's pain symptoms. As for error concerning Plaintiff's limited English skills, Plaintiff again mischaracterizes the ALJ's finding. The ALJ did consider Plaintiff's English language capabilities. Tr. 25. Based on Plaintiff's past work as a food sales clerk[2], the ALJ concluded that Plaintiff had the ability "to associate items to price in English, and some capability of understanding spoken English, and making herself understood in English." Tr. 25-26. Plaintiff also argues that the vocational expert ("VE") had testified that "a lack of [English] fluency would preclude employment". Pl.'s Reply Br. 8. This statement of the VE's testimony is incorrect. The VE testified that Plaintiff could not perform a surveillance monitor job due to her limited English, not that Plaintiff would be precluded from all employment. Tr. 53-54. The ALJ's RFC finding is affirmed.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Plaintiff testified that she quit this job due to the language barrier. Pl.'s Br. 25.

**CONCLUSION**

Based on the foregoing, this Court affirms the Commissioner's final decision.

IT IS SO ORDERED.

Dated this ___11th___ day of April, 2012

s/Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge