IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VERA ZHYLKA, | No. 03:11-CV-507-HZ |
|           Plaintiff, | OPINION & ORDER |
|    v. | |
| MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration, | |
|           Defendant. | |

Alan Stuart Graf
Alan Stuart Graf P.C.
316 Second Rd
Summertown, TN 38483

     Attorney for Plaintiff

Adrian L. Brown
U.S. Attorney's Office, District of Oregon
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

/ / /
/ / /

1 - OPINION & ORDER

Leisa A. Wolf
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98105-7075

      Attorneys for Defendant

HERNANDEZ, District Judge:

      Plaintiff Vera Zhylka moves to reconsider my April 11, 2012 Opinion & Order affirming the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. I deny the motion to reconsider.

## STANDARD

      A party may seek reconsideration of a ruling under Rule 59. The district court's decision is reviewed for abuse of discretion. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991) (discussing Rule 59(e)). Three major grounds justify reconsideration: "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law." School Dist. No. 1J v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). Reconsideration is the exception; as the Ninth Circuit has observed, reconsideration is warranted only by these and "[o]ther, highly unusual, circumstances." Id.

      A motion for reconsideration "should not merely present arguments previously raised, or which could have been raised in the initial . . . motion." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001) (citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985)). The decision to correct a judgment for mistake or inadvertence, whether made

2 - OPINION & ORDER

by a party or the court, rests in the discretion of the trial court.  Fidelity Fed. Bank, F.S.B., 387 F.3d at 1024.

## DISCUSSION

Plaintiff raises two issues for reconsideration:  incomplete findings at step two and reliance on a Cooperative Disability Investigative ("CDI") report.

First, Plaintiff argues that her physical symptoms for her somatoform disorder were not taken into account at step two.  Pl.'s Memo., 3.  On the contrary, in my opinion affirming the ALJ's findings, I discussed these physical symptoms in relation to Plaintiff's lack of credibility.  I found that "the medical evidence did not support Plaintiff's allegations of pain that prevent her from working completely[.]"  Apr. 11, 2012 Op. at 8.  Furthermore, I agreed with the ALJ that "although Plaintiff's physical and psychological impairments may be limiting, they were not severe."  Id.

Second, Plaintiff argues that I failed to consider whether the CDI report is "substantial evidence".  Pl.'s Memo., 4.  The CDI report was one consideration in the ALJ's analysis of Plaintiff's credibility.  In assessing Plaintiff's credibility, the ALJ relied on the medical records, activities of daily living, and the CDI report.  Apr. 5, 2012 Op. at 6-7.  Plaintiff alleges error because the CDI report was considered without determining whether it was substantial evidence.  Plaintiff had objected to the CDI report as substantial evidence because it was hearsay.  Pl.'s Opening Br., 22 ("These reports contained unsubstantiated hearsay and did not constitute substantial evidence.").

As I explained in my opinion, "[e]vidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure."  Apr. 5, 2012 Op. at 7.  The ALJ could consider the CDI report.  However,

3 - OPINION & ORDER

Plaintiff is correct that I did not address whether the CDI report was substantial evidence in the ALJ's credibility determination.  "[T]o the extent a [CDI] report provides factual rather than interpretive data, and to the extent the administrative law judge provides the claimant with an opportunity to address the report, … the report may be given appropriate weight based on all the circumstances."  Robert v. Astrue, 688 F. Supp. 2d 29, 38 (D. Mass. 2010).  Plaintiff was given the opportunity to object to the CDI report at the hearing, but did not do so.  Tr. 32.

Nevertheless, in addition to the CDI report, the ALJ relied on Plaintiff's medical records and inconsistencies in Plaintiff's activities of daily living to find Plaintiff not credible.  Id. at 7-8; see also Tr. 19-20.  The ALJ did not expressly assign a weight to the CDI report, presumably because Plaintiff did not object to the CDI report at any time before the ALJ's decision.  Cf. Robert, 688 F. Supp. 2d at 38 (plaintiff responded to CDI report before and after the hearing); Partida v. Astrue, Case. No. 8:10CV-2788, 2012 U.S. Dist. LEXIS 27199 (M.D. Fla. Jan. 26, 2012), adopted in 2012 U.S. Dist. LEXIS 26660 (CDI report objected to as hearsay during hearing).  I find that the ALJ properly considered the CDI report in conjunction with the other evidence in the record.

Finally, even if the ALJ had committed error with respect to the CDI report, the ALJ presented two other grounds for finding Plaintiff not credible.  The ALJ's credibility finding is supported by substantial evidence.  Bray v. Comm'r of SSA, 554 F.3d 1219, 1227 (9th Cir. 2009) ("even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless[.]") (citing Batson v. Comm'r of the SSA, 359 F.3d 1190 (9th Cir. 2004)).

I see no reason to alter my conclusions reached in my April 11th Opinion on either of these issues.

4 - OPINION & ORDER

## CONCLUSION

Based on the foregoing, Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated this  10  day of July, 2012

/s/ Marco Hernandez
MARCO A. HERNANDEZ
United States District Judge

5 - OPINION & ORDER